If the copy of
a private deed
be received in
evidence, its ef-
fect will be the
same as the ori-
ginal.

A payment,
though of more
than five hun-
dred dollars,
can be proved
by a single wit-
ness.

*PANNELL* vs. *COE & AL.*

APPEAL from the court of the sixth district.

MATHEWS, J. delivered the opinion of the court. This case was brought up to the last term of this court, and being then remanded for a new trial, which has since taken place in the court below, and final judgment thereon rendered; an appeal is again taken by the plaintiff.

The proceedings in the cause commenced before the court of probates for the parish of Natchitoches, and relate to a claim of the present appellant for remuneration, as a privileged creditor, on her husband's estate, to the amount of her paraphernal effects disposed of by him during the marriage; in which she succeeded and the defendants appealed to the district court, which, in the last instance, reversed *in toto*, the decision of the probate court, and decreed against the plaintiffs; from which this appeal is taken, as above stated.

It is contended, on the part of the appellant, that the evidence contained in the record of the former proceedings before the district court, cannot be legally resorted to for testimony in the last trial. This objection to the

evidence therein contained, and which was not heard as the foundation of the last judgment, we believe to be correct, and shall proceed to examine the case accordingly.

Considering the matrimonial rights of the appellant and her late husband, under the government and direction of our laws, no doubt remains of the legality of her claim, if it be supported by facts. In support of the greater part of the amount which she claims; the evidence offered is copies of certain deeds of sale, of her paraphernal estate, made by her husband to various persons, taken from the records from the other states and territories of the union, where the original acts are stated to have been recorded; and the testimony of one witness as to the genuineness of those copies being a true representation of the original; and the amount of money and value of other property received by the husband, being the price and considerotion of said sales.

To the introduction of this evidence, no bill of exceptions appears to have been regularly taken.

The only exception on the record, in relation to this part of the proceedings, is one taken by the counsel for the appellant, to the

West'n District
Sept. 1822.

Pannel
vs.
Coe & al,

opinion of the judge *a quo;* by which he refused to admit the copies aforesaid, as full proof. Being admitted, without opposition, the only enquiry to be made is, as to their effect.   Copies of written instruments, (except they be of authentic acts, certified by the proper officers,) are certainly inferior evidence to the originals, and ought not to be received, unless the latter be wholly without the power of the parties to a suit; and beyond the reach of the tribunal which holds jurisdiction of the cause.   If, however, they be admitted without opposition, and are proven to be real transcripts of the originals, their effect in evidence must be the same as would be produced by their originals. The copies of the deed, in the present case, do therefore, prove the sale of the property therein described; and as it is shewn that it made a part of the inheritance of Mrs. Pauuel, she is entitled to a privilege on her husband's estate, for the amount actually received by him, as the price of said property.

That the price was paid to the husband we have the testimony of one witness. The fact of payment may be well proven by a single witness; two are only required by law to promises or verbal contracts, above five hun-

dred dollars. It might be objected, that when

the proof of facts is received to support an implied contract, more than one witness ought to be produced. But we are unable to see any difference in relation to the interest of the community, by admitting one witness to establish a fact in discharge of an obligation, or to sustain one by which an obligation would be implied.

We are, therefore, of opinion, that the copies of the deeds, and the testimony of the witness Cobb, sufficiently established the claim of the appellant to a preference and privilege on her husband's estate to the amount therein specified. Neither have we any doubt, in relation to her claim for that portion of her inheritance which her husband received and used; derived from the compromise with the corporation of New Orleans.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be avoided, reversed, and annulled. And it is further ordered, adjudged, and decreed, that the judgment of the court of probates be affirmed; with costs to be paid by the present appellees.